UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LILIYA HART, | |
| Plaintiff, | |
| v. | No. 23 CV 4584 |
| AC PAVEMENT STRIPING CO., | Judge Georgia N. Alexakis |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Defendant, AC Pavement Striping Co., asks this Court to dismiss plaintiff Liliya Hart's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, defendant's motion [20] is granted and plaintiff's amended complaint [11] is dismissed with prejudice.

**I.  Legal Standards**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff need not detail her allegations but must provide "more than labels and conclusions" to explain her grounds for relief. *Twombly*, 550 U.S. at 555.

Because plaintiff is representing herself, this Court construes her complaint liberally.[1] *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017).

## II. Factual Background

This case comes to the Court upon its reassignment [28]. After the earlier court dismissed plaintiff's original employment-discrimination complaint [1], without prejudice [10], plaintiff filed an amended complaint that repeated her already dismissed discrimination allegations. The amended complaint also alleged "unpaid wages for travel time and travel expenses" and "unpaid wages for Te[a]mster driver hours when [plaintiff] was actually working as a labo[rer]" during the relevant time, noting a pay difference between the two positions. [11] at 4-5; [14] at 2; *see also* [25] at 4 (plaintiff explained that she was underpaid, in part, owing to "incorrect wage classifications").

The earlier court once again dismissed plaintiff's discrimination allegations. [14] at 2. This time, however, it found that plaintiff *had* alleged "unpaid wages for travel time and travel expenses" and permitted that sole allegation to proceed under the Fair Labor Standards Act ("FLSA"). *Id.* at 1-2. *See* 29 U.S.C. §§ 206(a)(1)(C), 207(a)(1) (requiring a minimum wage of $7.25 an hour and an overtime wage of one-

---

[1] It appears that plaintiff's daughter filed a statement in support of plaintiff [27]. Because "pleadings may be brought before the court only by parties or their attorney," *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010), and plaintiff's daughter is neither a party nor plaintiff's attorney, this Court has set aside plaintiff's daughter's filing. *See also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.").

and-a-half times an employee's regular wage). Defendant now moves for dismissal under Rule 12(b)(6) [20].

## III. Analysis

To assert a minimum wage claim under the FLSA, a plaintiff must provide facts that plausibly allege that she was paid less than $7.25 per hour for at least one week. *See Singer v. Reg'l Transp. Auth.*, 338 F. Supp. 3d 791, 795 (N.D. Ill. 2018); 29 U.S.C. § 206(a)(1)(C). And to assert an FLSA overtime claim, a plaintiff must provide facts that plausibly allege that she worked more than forty hours in a week without time-and-a-half pay. *See Singer*, 338 F. Supp. 3d at 795; 29 U.S.C. § 207(a)(1).

Plaintiff's barebones allegation regarding "unpaid wages," even if construed liberally, does not constitute a claim under the FLSA. In her amended complaint, plaintiff alleges that defendant failed to pay her wages for travel time and expenses. [11] at 4-5.[2] But that is the extent of her allegation—she offers no further explanation. She does not allege, for example, the approximate number of hours she worked or traveled per week or her approximate weekly wage. *See Parks v. Speedy Title & Appraisal Rev. Servs.*, 318 F. Supp. 3d 1053, 1069 (N.D. Ill. 2018) (to assert an overtime claim, a "plaintiff must sufficiently allege forty hours of work in a given workweek as well as some uncompensated time in excess of forty hours") (cleaned up); *Cho v. Maru Rest., Inc.*, 194 F. Supp. 3d 700, 703 (N.D. Ill. 2016) (a plaintiff's

---

[2] Defendant correctly points out that travel expenses are not recoverable under the FLSA. [21] at 3; *see also* 29 U.S.C. § 207(e)(2) (excluding "payments for traveling expenses" from the FLSA's definition of an employee's "regular rate" of compensation). In her response to defendant's motion to dismiss, plaintiff clarifies that her allegation concerning "unpaid ... travel expenses" is actually an unpaid-wage claim. [25] at 2. But if that's the case, her claim still fails on the plausibility grounds.

3

minimum wage claim survived dismissal because she alleged the period in which she worked, the number of hours she worked per week, and that she was paid the same sub-minimum wage each week). Critically, this is information that plaintiff would know or have in her possession, even at this early stage of the litigation.

Plaintiff also alleges that defendant misclassified her wage, which resulted in "unpaid wages." [11] at 5. But, as defendant points out [26] at 4, wage misclassification claims are not cognizable under the FLSA. *See Reyes v. Remington Hybrid Seed Co.*, 495 F.3d 403, 405 (7th Cir. 2007) ("The FLSA … provides only a floor under the hourly rate of pay for hours actually worked."); *Labriola v. Clinton Ent. Mgmt., LLC*, 2016 WL 1106862, at *4 (N.D. Ill. Mar. 22, 2016) ("[E]mployer liability under the [FLSA] is limited to unpaid minimum and overtime compensation."). And again, plaintiff does not allege any facts supporting an inference that this wage misclassification resulted in her being denied minimum wage or overtime pay.

In short, plaintiff provides no factual basis from which this Court can reasonably infer that she was paid less than $7.25 per hour or that she worked over forty hours in a workweek without receiving overtime pay.[3]

## IV. Conclusion

Because plaintiff's FLSA claim is not plausibly alleged, and because, for a second time, plaintiff has failed to adequately plead a claim against defendant, her

---

[3] Because plaintiff has failed to state a claim under the FLSA, this Court need not determine whether her allegations separately fail because they are preempted by the Labor Management Relations Act. [21] at 5.

complaint is dismissed with prejudice. Her motion for attorney representation [16] is denied as moot.

                                                   Georgia N. Alexakis
                                                   United States District Judge

Date: September 17, 2024